UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY DIGGS,

Petitioner,

-vs-                                                                    Case No.  8:10-cv-1235-T-33EAJ

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Rodney Diggs' 28 U.S.C. § 2254 petition for writ of habeas corpus. Diggs challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

### PROCEDURAL HISTORY

After a jury trial, Diggs was found guilty as charged of three counts of sexual battery on a child under twelve (counts one through three); sexual battery on a child (familial authority)(counts four through six); and lewd or lascivious molestation of a child (counts seven and eight). The state trial court sentenced Diggs to life in prison on the sexual battery counts and to 15-year prison terms on the remaining counts. The sentences ran concurrently.

Diggs appealed, and following briefing, on November 1, 2002, the state district court of appeal per curiam affirmed the convictions and sentences. *Diggs v. State*, 834 So. 2d 166 (Fla. 2d DCA 2002)[table]. Diggs did not seek rehearing, nor did he pursue certiorari review in the Supreme Court.

### Rule 3.850 Motion for Postconviction Relief

Diggs filed a pro se Rule 3.850 motion for postconviction relief which was delivered to prison officials for mailing on October 16, 2003. (Resp. Ex. 8). Four claims were summarily denied. (Resp. Ex. 9). After securing a response from the state (Resp. Ex. 10), the postconviction court denied the remaining ground without an evidentiary hearing. (Resp. Ex. 11). Diggs appealed, and on January 26, 2007, the state district court of appeal affirmed the denial of relief, stating:

> We affirm the trial court's summary denial of Mr. Diggs' motion for postconviction relief. See Fla. R.Crim. P. 3.850. He could have raised both of his claims on direct appeal. *See Johnson v. State*, 593 So.2d 206, 208 (Fla. 1992).

*Diggs v. State*, 946 So.2d 1265, 1266 (Fla. 2d DCA 2007). The mandate issued February 15, 2007.

### State Petition for Writ of Habeas Corpus

Diggs filed a pro se petition for writ of habeas corpus which was delivered to prison officials for mailing on March 30, 2007. (Resp. Ex. 17).   On March 26, 2009, the state trial court granted the petition in part, vacating one lewd molestation conviction (count eight). (Resp. Ex. 19).   Diggs appealed, and on April 16, 2010, the state district court of appeal per curiam affirmed the state trial court's decision. *Diggs v. State*, 36 So. 3d 94 (Fla. 2d DCA 2010)[table]. The mandate issued May 27, 2010.

Subsequently, Diggs timely filed the present pro se 28 U.S.C. § 2254 petition (Doc. 1).

## STANDARDS OF REVIEW

### The AEDPA Standard

Diggs' petition is governed by the provisions of 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Garceau*, 538 U.S. 202 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law--including constitutional issues--must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time. *i.e.*, the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1401 (2011).

<u>Ineffective Assistance of Counsel Standard</u>

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

<u>State Procedural Default Doctrine</u>

The AEPDA's deferential standards are not the only hurdles Diggs faces. Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated *in Murray v. Carrier*, 477 U.S. 478, 496 (1986). The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F. 3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary

-4-

Case 8:10-cv-01235-VMC-EAJ   Document 16   Filed 04/22/11   Page 5 of 15 PageID 104


case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324

## DISCUSSION

### Ground One

Diggs challenges the sufficiency of the state's evidence as to each of the charges for which he was found guilty. This ground is unexhausted and procedurally barred because Diggs did not preserve and then raise the federal constitutional dimension of his ground on direct appeal. His failure to do so resulted in a procedural default under state law. See Fla.R.Crim.P. 3.850(c); *Jackson v. State*, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994) (noting that "it is well settled that insufficiency of the evidence cannot be raised under Rule 3.850"). This circuit has long recognized this aspect of Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).

The state trial court expressly applied Florida's rules in denying Diggs' collateral challenge to the state's evidence in his 2007 state habeas petition. The state district court of appeal per curiam affirmed the denial of relief.  That denial rests on independent and adequate state grounds to bar federal review of ground one. A state appellate court's per curiam affirmance of a decision that is based on a procedural bar is deemed to affirm the procedural bar. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990).

Diggs has not shown cause to excuse his default. Any allegation of cause is now procedurally barred by the two-year limitation of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See also, Bolender v. Singletary*, 60 F.3d 727, 729 (11th Cir. 1995)(applying procedural bar based on state's successive petition doctrine). Not showing cause, Diggs cannot avoid his default, as the cause and prejudice components are in the conjunctive and both must be established to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982). Nor does Diggs meet the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence as contemplated by *Schlup*.

Ground one is procedurally barred and does not warrant habeas corpus relief.

Ground Two

Diggs contends his sexual battery convictions on counts one through three stemmed from one event. According to Diggs, his convictions on these counts "ran afoul" of the proscription against double jeopardy. This ground is exhausted to the extent he raised it as a constitutional claim in his state habeas petition, the denial of which he appealed.

The Double Jeopardy Clause protects a defendant from multiple punishments for the same offense. *Missouri v. Hunter*, 459 U.S. 359, 365-66 (1983); *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989). "Where the same conduct violates two statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature ... intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778 (1985). "[I]f it is evident that a state legislature

intended to authorize cumulative punishments, a court's inquiry is at an end." *Ohio v. Johnson*, 467 U.S. 493, 499 n. 8 (1984).

Diggs' case does not involve a circumstance where one criminal act gave rise to multiple separate offenses. Diggs was charged with violating, by distinct acts, Florida's statute prohibiting sexual battery on a child under the age of twelve. The relevant statute in effect at the time of Diggs' sexual battery offenses provides, in part, as follows:

> (1)(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object;....
>
> . . . .
>
> (2)(a) A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age.

§ 794.011 Fla. Stat. (2001). The Florida statute punishes any distinct act of sexual battery on a child, rather than the continuous conduct of doing so. In *State v. Meshell*, 2 So.3d 132, 136 (Fla. 2009), the Florida Supreme Court stated that sexual acts of a separate character and type requiring different elements of proof, such as those prohibited acts delineated in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments. Thus, separate punishment for each distinct criminal act does not violate double jeopardy. *Meshell*, 2 So.3d at 136 (citing *State v. Paul*, 934 So.2d 1167, 1172 n. 3 (2006)). If two convictions are based on two distinct criminal acts, double jeopardy is not a concern. *Hayes v. State*, 803 So.2d 695, 700 (Fla. 2001)).

Furthermore, each of Diggs' sexual battery offenses required proof of an element that the others did not. Each sexual battery count charged distinct conduct on his part, as the state trial court recognized in stating that Diggs was convicted of penetrating the child victim's mouth,

anus, and vagina between October 1, 1998, and October 21, 1999. Therefore, the state courts' decisions resulted in the reasonable application of federal law as clearly established by the Supreme Court and the reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

Ground Three

Diggs alleges the state "did not turn over evidence" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Diggs asserts that the Florida Department of Law Enforcement (FDLE) found no sperm cells in the victim's anal or vaginal area. Pointing to the nurse's testimony that with a black light she detected semen in the victim's vaginal area, Diggs suggests he would have been acquitted had specimens, presumably those analyzed by FDLE, been "brought to light." (Doc. 1 at 8). This claim is unexhausted and now procedurally barred because Diggs did not preserve and raise the federal constitutional dimension of his ground at trial and on direct appeal.

Diggs does not allege that he was unaware of the underpinnings for his claim when he proceeded to jury trial. Because Diggs did not timely claim at trial and on direct appeal that the state withheld evidence in violation of *Brady*, he was foreclosed from raising this claim in a Rule 3.850 motion. *See Rose v. State*, 675 So.2d 567 n. 1 (Fla. 1996)(movant's claims which were or should have been raised on appeal, including a *Brady* claim concerning Rose's statements to police, were procedurally barred); *Manley v. State*, 705 So.2d 691 (Fla. 5th DCA 1998) (claims that state withheld impeachment evidence concerning state's witness and trial court erred in striking witness at trial were procedurally barred from consideration in collateral attack proceeding, where claimant made no showing why those issues should not have been raised on direct appeal); *Spencer v. State*, 842 So.2d 52, 60 (Fla. 2003) (substantive prosecutorial

-8-

misconduct claims raised in a Rule 3.850 motion were procedurally barred (citing *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."); *Ogden v. State,* 494 So.2d 280 (Fla. 2d DCA 1990) (defendant's allegation of possible perjury could have or should have been raised on appeal and was not proper basis for postconviction relief).

Alternatively, Diggs did not fairly present his claim in his state habeas petition before appealing the denial of the petition.  In ground four of his state habeas petition, he claimed that there is some "missing sperm" and such "could be further missing exculpatory evidence." (Resp. Ex. 17 at 7). He asserted that the rape examination nurse found semen in the victim's vaginal area but the FDLE found no sperm cells in the victim's anal and vaginal areas. He queried, "Where are those missing specimen's [sic] and what story did they tell? More questions." (Resp. Ex. 17 at 7). In denying this claim, the state trial court found that the claim was without merit because Diggs failed to raise a viable issue. (Resp. Ex. 19 at 9). In other words, Diggs did not specifically claim in his habeas petition that the state had withheld from the defense evidence the fact that vaginal or anal specimens had been submitted to FDLE. Ground three, therefore, is not exhausted.  The AEDPA clearly provides that an unexhausted claim can be denied on the merits to avoid further litigation for the sake of efficiency. 28 U.S.C. § 2254(b)(2).

On the merits, Diggs fails to state a basis for relief under *Brady*. A *Brady* violation has three components: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued." *Allen v. Sec'y, Florida Dept. of Corrections*, 611 F.3d 740, 746 (11th Cir. 2010)(quoting *Strickler v. Greene*,

527 U.S. 263, 281-82 (1999)). The prejudice or materiality requirement is satisfied if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Allen*, 611 F.3d at 746 (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). Materiality is determined by asking whether the government's alleged evidentiary suppressions, viewed cumulatively, undermine confidence in the guilty verdict. *See Allen, supra* (citing, *inter alia, Kyles*, 514 U.S. at 434, 436- 37 & n. 10).

Diggs does not plead facts which demonstrate that the state withheld evidence from the defense. In fact, the specimens submitted to FDLE were addressed at trial. The FDLE analyst testified that spermatozoa was not detected on vaginal and anal slides, and the analyst was cross-examined on her findings. (Resp. Ex. 1, V 5, T 467, 469)

To the extent Diggs is claiming that the state was obliged to furnish the specimens in the course of discovery, whether the specimens were exculpatory or not, his claim does not present a cognizable basis for relief. Other than exculpatory material, defendants do not have a general constitutional right to discovery in criminal cases. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Landry v. Alabama*, 579 F.2d 353, 355 (5th Cir. 1978); *State v. Diamond,* 553 So. 2d 1185, 1197 (Fla. 1st DCA 1988) (There is no common law right of discovery in criminal cases in Florida (citing *Smith v. State*, 260 So.2d 489, 491 (1972)). Nor is there a constitutional right of discovery. *Smith,* 553 So. 2d at 491 (citing *Weatherford v. Bursey*, 429 U.S. at 559). In sum, there is no right of discovery in criminal cases, apart from that which is provided for by the Florida Rules of Criminal Procedure.

Moreover, a violation of the state's discovery rules, even if alleged, does not *ipso facto* amount to suppression that can support a *Brady* claim for a new trial. *Jennings v. McDonough,*

-10-

490 F.3d 230, 1238 (11th Cir. 2007). Because he had knowledge of the testing of specimens obtained from the victim, Diggs cannot demonstrate there was suppression of such evidence by the state. *See Jennings*, 490 F.3d at 1238 ("In *United States v. Griggs*, 713 F.2d 672 (11th Cir. 1983) (per curiam), we adopted the rule that, "[w]here defendants, prior to trial, had within their knowledge the information by which they could have ascertained the alleged *Brady* material, there is no suppression by the government.").

Furthermore, Diggs does not plead a basis upon which to conclude that specimens submitted to FDLE for analysis were favorable to the defense. Nor does he set forth a basis upon which to conclude there is a reasonable probability that, had the subject evidence been disclosed to the defense any earlier, the result of the proceeding would have been different.

Ground three does not warrant habeas corpus relief.

### Ground Four

Diggs contends his trial counsel rendered ineffective assistance by failing to challenge the jury instruction on reasonable doubt. This ground is unexhausted and now procedurally barred because he did not raise his ground in a timely Rule 3.850 motion and on appeal of the denial of that motion. Diggs indicates he raised his ground in his 2003 Rule 3.850 motion. However, he did not fairly present his claim in that Rule 3.850 motion. He did not specifically assert his counsel was ineffective for failing to seek modification of Florida's standard jury instruction on reasonable doubt.

Further and alternatively, he abandoned his ground when Diggs, through retained counsel, briefed other issues and did not raise this ground in the appeal of the Rule 3.850 denial. When a defendant files a brief in an appeal of a summary denial of a Rule 3.850 motion, the Florida appellate court addresses only those arguments that are raised and fully addressed

in the brief. *See Watson v. State*, 975 So. 2d 572, 574 (Fla. 1st DCA 2008). Additionally, under Florida law, where a claim is insufficiently pled, it is not properly presented on appeal and is deemed waived. In *Gore v. State*, 846 So. 2d 461 (Fla.  2003), the Florida Supreme Court stated that a claim is insufficiently pled where the appellant "cites no facts that support[] the allegation." *Id.* at 467.

That said, Diggs defaulted ground four by not raising it in a timely Rule 3.850 motion. He is barred by the two-year limit of Rule 3.850 and the state's successive petition doctrine from now raising his ground in another Rule 3.850 motion.

Alternatively, ground four does not change this Court's AEDPA review of the state court decision on his claim of ineffective assistance of counsel raised in his Rule 3.850 motion. The cases in which habeas petitioners can prevail on the ground of ineffective assistance of counsel are few and far between. *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc)(citing *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). This is not one of those cases.

The petitioner has the burden of showing (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.*"* *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Without proof of both deficient performance and prejudice to the defense, it cannot be said that the conviction resulted from a breakdown in the adversarial process that rendered the result of the proceedings unreliable. *Strickland*, 466 U.S. at 687. The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one. *See Osborne v. Terry*, 466 F.3d 1298, 1305 (11th Cir. 2006)(citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)).

-12-

Upon AEDPA review, the question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)(citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  Because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles*, 129 S.Ct. at 1420 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."). "Doubly-deferential" judicial review applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1403-1408 (2011).

In *Cullen,* the Court stated that *Strickland v. Washington* provides clearly established federal law for ineffective assistance of counsel claims. To overcome the strong presumption that counsel has acted competently, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances," and must prove the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Thus, federal review in Diggs' case is "doubly deferential," *Knowles*, 129 S.Ct. at 1411, requiring a "highly deferential" look at counsel's performance through § 2254(d)'s "deferential lens." *Mirzayance, supra*, at 1419, n. 2.

Diggs' claim of ineffective assistance of counsel fails. In his rule 3.850 motion, Diggs raised only a conclusory claim of ineffective assistance, and it is objectively reasonable to deny his ground under either prong of *Strickland*. Mere conclusory allegations are insufficient to support a claim of ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (general

-13-

allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable-representation and prejudice prongs of ineffective assistance standard); *see also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (defendant bears the burden of proof on both prongs of the *Strickland* test).

Diggs is not entitled to rely on any fact not presented the state courts in a timely matter at trial or sentencing and on direct appeal, or in a timely Rule 3.850 motion and on collateral appeal, as appropriate. *Cullen v. Pinholster*, *supra,* at 1398-1401 (Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.). Diggs does not allege and show that his factual predicate could not have been previously discovered through the exercise of due diligence. Title 28 U.S.C. § 2254(e)(2) now precludes factual development of his grounds in this Court.

Ground four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Diggs' petition is denied.  The Clerk is directed to enter judgment against Diggs and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 22, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record

Rodney Diggs